**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| DARIN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: |
| | ) | |
| CATERPILLAR INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff, Darin Barnes ("Barnes" or "Plaintiff"), by counsel, brings this action against Defendant, Caterpillar Inc. ("Defendant" or "Caterpillar"), alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA").

### II.  PARTIES

2.      Barnes is a resident of White County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Northern District of Indiana.

3.      Defendant is a domestic corporation that maintains offices and conducts business in the Northern District of Indiana.

### III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 29 U.S.C. § 626.

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b).

1

6.      At all times relevant to this action, Barnes was an "employee" as that term is defined by 29 U.S.C. § 630(f).

7.      Barnes exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging discrimination based on his age. Barnes files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

8.      A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Northern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

9.      Barnes was hired by Defendant on or about October 2011. He served as a Machinist and reported to Jesse Kelley ("Kelley").

10.     At all relevant times, Barnes met or exceeded Defendant's legitimate performance expectations.  Over his nine years of employment, Barnes consistently received positive performance evaluations indicating that he met expectations.

11.     Defendant suspended Barnes' employment on November 20, 2020, after receiving a complaint about him from a coworker named Gerald Reifel. Defendant failed to provide Barnes with details regarding the complaint or perform a meaningful investigation, including their failure to obtain statements from co-workers who could corroborate that there was no misconduct on Barnes' part.

12.     Defendant terminated Barnes' employment on November 25, 2020. Barnes was 51 years old when he was discharged.

13. Similarly situated younger employees received lesser discipline in similar situations. For example, Gary Lawson, who is more than 10 years younger than Barnes, was accused by Reifel of physical contact and faced only a three-day suspension.

14. Barnes was replaced by Lee Powell, who is around 15 years younger than Barnes.

## V.  CAUSES OF ACTION

15. Barnes hereby incorporates by reference paragraphs one (1) through fourteen (14) of his complaint.

16. Defendant discriminated against Barnes based on his age.

17. Defendant willfully and intentionally discriminated against Barnes on the basis of his age in violation of the ADEA.

18. Barnes has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Darin Barnes, by counsel, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Barnes's employment to the position and salary he would have enjoyed but for Defendant's unlawful actions; and/or payment to Barnes of front pay in lieu thereof;

2. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4.      Award the Plaintiff compensatory and consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's unlawful actions;

5.      Award the Plaintiff liquidated damages for Defendant's violations of the ADEA;

6.      Award the Plaintiff his costs and attorney's fees incurred as a result of bringing this action;

7.      Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

8.      Grant all other legal and/or equitable relief as may be just and proper.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:     (317) 991-4765
Facsimile:     (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Darin Barnes*

## DEMAND FOR JURY TRIAL

The Plaintiff, Darin Barnes, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:     (317) 991-4765

Facsimile:      (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Darin Barnes*